UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD ANTHONY ALLEN,

    Plaintiff,

    v.

WASHINGTON STATE PATROL, et al.,

    Defendants.

CASE NO. C05-1665

ORDER

This matter comes before the Court on a motion for summary judgment by Defendants Washington State Patrol ("WSP") and Keith Jordan (collectively "Defendants") (Dkt. No. 12). Having considered the papers submitted by all parties and the allegations in the complaint, and finding oral argument unnecessary, the Court will GRANT IN PART and DENY IN PART Defendants' motion for the following reasons.

**I. Background**

In July of 2002, Plaintiff Edward Allen was stopped by WSP Trooper Keith Jordan, allegedly without probable cause. Jordan administered roadside sobriety tests and a portable breath test. Allen registered a blood/alcohol content 0.092 on the portable breath test, above the legal limit of 0.08. He admitted to having consumed one alcoholic beverage, but denies that he was intoxicated.

ORDER – 1

    Jordan placed Allen under arrest on suspicion of driving under the influence and took him to a nearby police station for further breath analysis. This time, Allen's blood/alcohol content registered 0.139 and 0.140. He was then issued a citation for driving under the influence. Ultimately, Allen negotiated the driving under the influence charge down to a negligent driving charge, to which he pled guilty on January 3, 2003. He had his driver's license temporarily revoked, served 10 days in jail, and was required to attend alcohol treatment for six months.

    In May of 2003, Allen received a letter from the Snohomish County Prosecuting Attorney, informing him of their discovery that Jordan had routinely falsified his arrest reports and stating that the case against Allen was being dismissed with prejudice. (Compl. ¶ 3.8.)

    Allen commenced the present suit by filing a complaint on October 3, 2005, alleging false arrest and imprisonment by Jordan, wrongful deprivation of his constitutional rights in violation of 42 U.S.C. § 1983 by Jordan, negligent supervision and hiring by WSP, and negligent infliction of emotional distress by WSP and Jordan. (Compl. 3-5.) WSP and Jordan (collectively "Defendants") jointly seek summary judgment.

## II. Analysis

    Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 248. The moving party bears the burden of showing that there is no evidence which supports an element essential

ORDER – 2

to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

**A. Sovereign Immunity**

Defendants argue that the claims against WSP and Jordan in his official capacity are barred under Eleventh Amendment sovereign immunity. Citing to three decisions of this Court, Allen concedes this in his response. *See Bergen v. Wash. State Patrol*, No. 05-1090, 2006 U.S. Dist. LEXIS 1142 (W.D. Wash. Jan. 3, 2006); *Eden v. Wash. State Patrol*, No. 05-1091, 2006 U.S. Dist. LEXIS 1138 (W.D. Wash. Jan. 3, 2006); *Montero v. Wash. State Patrol*, No. 05-1092, 2005 U.S. Dist. LEXIS 39852 (W.D. Wash. Dec. 21, 2005). Given this concession and the well-established nature of this determination, the Court sees no reason to re-examine the merits and holds that, indeed, Allen's claims against WSP and Jordan in his official capacity are barred by sovereign immunity. Accordingly, Defendants are GRANTED summary judgment as to all claims against WSP and Jordan in his official capacity.

**B. Claims against Jordan in his Personal Capacity**

**1. False Arrest and False Imprisonment**

In Washington, claims of false arrest and false imprisonment are subject to a two-year statute of limitations. Wash. Rev. Code 4.16.100(1); *Heckart v. Yakima*, 708 P.2d 407, 407 (Wash. Ct. App. 1985) ("Since a false imprisonment occurs whenever a false arrest occurs, the conclusion that false arrest is also subject to the 2-year limitation period is inescapable."). Allen was arrested in July of 2002 and learned of Jordan's falsified arrest reports in May 2003. Even if the latter date started the running of the two-year limitations period, the claim is barred. Allen concedes this. Thus, Defendants are GRANTED summary judgment as to the state law claims of false arrest and false imprisonment.

**2. Section 1983 Claims**

Allen's § 1983 claim is not subject to the same two-year limitations period as his false arrest and

ORDER – 3

false imprisonment claims. The statute of limitations for § 1983 claims is determined by reference to the state's general or residual personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Washington, this provision is found in Washington Revised Code § 4.16.080(2). Thus, Washington courts apply a three-year statute of limitations period to § 1983 claims. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981); *Hayes v. City of Seattle*, 888 P.2d 1227, 1229 (Wash. Ct. App. 1995).

The next question is when this statute of limitations period began to run. "[F]ederal law governs when a cause of action accrues and the statute of limitations begins to run in a § 1983 action." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998). The Supreme Court has held that when a § 1983 suit for monetary damages "necessarily impl[ies] the invalidity of [a plaintiff's] conviction or sentence," the plaintiff must show that the conviction or sentence has been invalidated.[1] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). By extension, a cause of action under § 1983 that calls into question the validity of a plaintiff's conviction or sentence cannot accrue until that conviction or sentence has been invalidated. *Id.* at 489-90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); *Cabrera*, 159 F.3d at 380; *Doggett v. Perez*, 348 F. Supp. 2d 1169, 1173 (E.D. Wash. 2004).

If the facts are as Allen alleges—i.e., he was not intoxicated at the time of his arrest—he necessarily would have perceived that the arrest was false as soon as it occurred. However, in this case the arrest did not commence the three-year limitations period. Allen's arrest was not invalidated until he received the letter from the Snohomish County Prosecuting Attorney in May of 2003, informing him that

---

[1] Defendants' contention that summary judgment should be granted because Allen has not shown that his conviction or sentence has been invalidated is unpersuasive. Allen alleges that he received a letter from the Snohomish County Prosecuting Attorney notifying him that the case against him was being dismissed with prejudice, because it had come to light that Jordan was systematically falsifying arrest reports. This allegation is sufficient to create a genuine question of fact as to whether the dismissal meets *Heck*'s favorable termination requirement.

ORDER – 4

the charge against him was being dismissed with prejudice. Allen's cause of action under § 1983 accrued at that time. He brought the present action in October of 2005, well within the three-year statute of limitations. Therefore, summary judgment is not appropriate on statute of limitations grounds.

Defendants further contend that summary judgment should be granted because Jordan had probable cause to arrest Allen. Probable cause is defined as "facts and circumstances sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). Allen challenges various statements made in Jordan's incident report that might give rise to a finding of probable cause. For instance, Allen disputes that he was swerving when pulled over, that he lost his balance when performing the walk-and-turn test, that Jordan even administered the one-leg test, and the amount of alcohol Jordan reported Allen had consumed. These are factual disputes inappropriate for resolution on summary judgment. Thus, Defendants' motion for summary judgment is DENIED with respect to Allen's § 1983 claim against Jordan individually.

### 3. Negligent Infliction of Emotional Distress

Under Washington law, claims of negligent infliction of emotional distress are governed by the three-year limitations period set out in Washington Revised Code § 4.16.080(2). *St. Michelle v. Robinson*, 759 P.2d 467, 470 (Wash. Ct. App. 1988). Ordinarily, a cause of action for personal injury accrues at the time of the alleged act or omission. *White v. Johns-Manville Corp.*, 693 P.2d 687, 691 (Wash. 1985). However, where a plaintiff does not, or cannot, know that she is injured, the cause of action accrues only once the plaintiff knows or should know "all of the essential elements of the cause of action." *Id.*

Allen alleges emotional distress arising not only from his arrest, but also his "incarceration, fees, and loss of driving privileges." (Compl. ¶ 4E.2.) The full weight of his "embarrassment, humiliation and shame" would not have manifested until Allen learned that Jordan regularly falsified arrest reports. *Id.* Until he knew of this essential element of his negligent infliction of emotional distress claim, Allen's cause

ORDER – 5

of action did not accrue. Because Allen filed his complaint within three years of discovering the extent of Jordan's alleged deceptions, Defendants' motion for summary judgment is DENIED as to Allen's claim of negligent infliction of emotional distress.

### III. Conclusion

Summary judgment is GRANTED on all claims as to Defendant Washington State Patrol and Defendant Jordan in his official capacity. Summary judgment is GRANTED on Allen's state law claims of false arrest and false imprisonment. Summary judgment is DENIED as to Allen's state law claim of negligent infliction of emotional distress and his § 1983 claim against Jordan in his individual capacity.

Further, the trial date of October 10, 2006 is STRICKEN. The parties are ORDERED to appear for a status conference at 9:00a.m. on October 24, 2006.

SO ORDERED this 25th day of September, 2006.

/s/ John C. Coughenour
John C. Coughenour
United States District Judge

ORDER – 6